The opinion of the court was delivered by
Duncan, J.
The question arises on these words in the will of JLlexander Thomas: “ It is my will, that my beloved wife, Elea~ nor, shall receive only the interest in the remaining part of my real and personal estate, during her life, and at her death to be divided between her’s and my poor relations.”- The premises are part of this remaining estate. His wife is dead. So far as respects the personal estate, the court have already decided; whether the real estate goes in the same course, and in the same proportions, is now to be decided. Relations, in a will of personal estate, signify next of kin, entitled under the act of distribution. The adjective “poor” makes no difference. If the real estate goes to heirs, as it has been determined, the personal estate passes to next of kin. This will be directly opposed to the will of the testator. He devises both in the same clause, and to the'same parties. And where the word “ relations,” as to real estate, was supposed to be so doubtful, as at least to render it' questionable, whether a devise of real estate solely, was not void for uncertainty, it was decided by Lord Haiidwicke, Pyot v. Pyot, 1 Ves. 335, Powell on Dev. 350, that where the devise was to my nearest relation, both of real and personal estate, that it was a case of a mixked nature, not understanding relation, as the word is generally used, or in its legal meaning, strictly as applicable to real estate; but as it was mixed with personal, the contraction applicable to the latter, should be applied to the real estate. The involving the real estate with the personal, in the same devise, was a strong circumstance as to the real estate, afford *105 ing a proper key to find out who are the persons to take under this description, as the'testator had but oné intention. Here the indication is stronger, if possible, that the testator did not intend, by a devise to the poor relations of himself.and wife equally, he could not intend, lineal descent; he did not intend his own heirs; he intended and described other persons. And courts will not construe a devise void, for uncertainty, if by an-v possibility, it can be rendered certain; if referable to any matter it can beso rendered. Who the poor relations of husband and' wife are, the law as to personal estate, has designated. They are-persons to take under acts of distribution. The will then gives thve .personal estate to them, which cannot be taken from them. Thisfurnishesa safe and certain rule. In case of a devise of lands solely to relations, as there is not the same reason for referring to the act, thereby to decide of a term applied to a subject to which the statute has no reference, yet as it is a mere question of intention, any decision on a testamentary subject may be resorted to, from whence to draw an analogy, rather than the evident intention to give should be disappointed, upon the foundation of his having expressed himself with an uncertainty, not to be cleared up. And certainly this had great weight with Lord Hardwi'cke, in Pyot v. Pyot. In Crossly v. Clare, Amb. 397, there was a devise of a freehold estate to descendents, and Sir Thomas Clark, Master of the Rolls, held it to extend to all proceedingfrom the body, and did not confilie it to the eldest male, and said, where the word relation is used, the court háb no other rule to go by than the statute of distribution, otherwise the devise would be void for uncertainty. And following up this principle, I think the word rela- ' tiqns, where only real estate was devised, would give it to the next of kin, under the statute of distribution;, and that the court would, to prevent the failure of the devise, adopt-this sense of the word; and that my relation, in a devise of real estate solely, v\ ould receive the same construction, as with respect to personal estate. The sense of the word is fixed by. legal authority-; persons entitled under the statute of distributions, and that statute niay be referred to, as matter of interpretation, on a devise óf real estate, pointing out the persons described. The counsel for the relations of the wife, has ingeniously urged, that our intestate law may be considered as an act of distribution, and whoever under the 'appellation of relation claims real estate, must claim as a distributee under that act. But the distributees, under that act, are frequently very different persons, and take in different proportions, from representatives of personal estate; there the real estate would pass to one set of relations, and the personal estate to'another. For instance, the half blood; the mother, who would take the real estate only for life, the personal absolutely; and in personalty, the rules of representation are by the civil law, which in computing the- degrees of blood, proceed by differemlaw’s. The reason of Pyot'y. 'Pyot, holds as well in En-land, where the land descends on one,'as where with us, it is devi *106 sible into parts; and unless the same course were established, with respect to real, as takes place in respect to personal estate, the intention of the testator must always be defeated, for the two estates would go into different hands; and to say that the real shall go over to heirs at law, is in fact deciding that as to that the testator died intestate. But in this case, inheritance, descendible blood, paternal and maternal lines, were far removed from the view of this testator, because it is divided equally among the. relations of himself and wife. Relations, ex vi termini mean next of kin, and is applicable to personal estate. It is' a term inapplicable to real estate; but then, as the testator had no different intentions as to his real and personal estate, the word, in order to effectuate the intention of the testator, must apply to that class, denominated next of kin, who take as persons designated in both cases. It is necessary to have some rule; there can be none better than the rule of distribution under the statute; considering that as an indication of the testator’s meaning, that by relations he intended next of kin; and if we do not go by this rule, then, we declare the will, as to the real estate, void for uncertainty, or the court makes a new will for the testator. I am of opinion that the real and personal estate pass to the same persons; that the act of distribution is to govern; and the real estate to be divided in the proportions the personal estáte was, by the former judgment of the court.
Judgment affirmed.